JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mavrix Photo, Inc., a Florida corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Moguldom Media Group LLC, a New York Limited Liability Company; and Does 1 through 10 inclusive,<br><br>　　　　Defendants. | CV 10-9351 RSWL (JCGx)<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION [11]** |

　　Defendant Moguldom Media Group, LLC's Motion to Dismiss for Lack of Jurisdiction was set for hearing on March 8, 2011 [6]. Having taken this matter under submission on March 3, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

**A.　Legal Standard**

1

Although Plaintiff has the burden of proving personal jurisdiction, to defeat a motion to dismiss, Plaintiff need only make a prima facie showing of jurisdictional facts. In re Pintlar Corp., 133 F.3d 1141, 1144 (9th Cir. 1998)(citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990)). The plaintiff need only allege facts which, if true, would support a finding of jurisdiction. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)(citing Data Disc v. Sys. Tech. Assoc., 557 F.2d 1280, 1285 (9th Cir. 1977).

The exercise of personal jurisdiction over a nonresident defendant requires the presence of two factors. The forum state's laws must provide a basis for exercising personal jurisdiction, and the assertion of personal jurisdiction must comport with due process. Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986). The California long-arm statute permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution . . . of the United States." Cal. Civ. Proc. Code § 410.10. This statute renders the state and federal limits of jurisdiction coextensive. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). Thus, only a due process analysis is required.

Due process requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice." <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). The defendant's contacts must be "such that the [defendant] should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). Depending upon the nature and scope of the defendant's contacts with the forum, jurisdiction may be general or specific to the cause of action. <u>Roth</u>, 942 F.2d at 620 (citing <u>Data Disc</u>, 557 F.2d at 1287).

In the area of personal jurisdiction and the internet, the Ninth Circuit has adopted the test set forth in <u>Zippo Manufacturing Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997). <u>See</u> <u>Gator.Com Corp. v. L.L. Bean, Inc.</u>, 341 F.3d 1072, 1079-80 (9th Cir. 2003)(citing the "sliding scale" test set forth in <u>Zippo</u> as a test "that both our own and other circuits have applied to internet-based companies."). <u>E.g.</u> <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 417-19 (9th Cir. 1997). In <u>Zippo</u>, the court categorized internet use and the exercise of personal jurisdiction along the following spectrum:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer

3

files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet [website] which is accessible to users in foreign jurisdictions. A passive [website] that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. The middle ground is occupied by interactive [website] where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the [website].

Zippo, 952 F. Supp. at 1124 (citations omitted).

**B.  Analysis**

The Court finds that Plaintiff Mavrix Photo, Inc. ("Plaintiff") has failed to assert sufficient facts to prove that Defendant Moguldom Media Group, LLC ("Defendant") is subject to personal jurisdiction before this Court.

I.  General Jurisdiction

First, the Court finds that Plaintiff has failed to assert sufficient facts to prove that general jurisdiction exists over Defendant in this Case.

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," that "approximate physical presence" in the forum state. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id.

The Court finds that Plaintiff has failed to demonstrate that Defendant's activities in the forum state are substantial or continuous and systematic. Data Disc v. Sys. Tech. Assoc., 557 F.2d 1280, 1287 (9th Cir. 1977). Specifically, the few advertisements on Defendant's website that may be specifically targeted at Californians are insufficient to constitute the substantial or continuous and systematic activity necessary here in order for this Court to establish general jurisdiction over Defendant. See Cybersell, 130 F.3d at 418 (determining that internet advertisements alone are insufficient to subject a nonresident defendant to personal jurisdiction). Moreover, Plaintiff fails to prove sufficient evidence that there is something more here to indicate that Defendant purposefully directed its activities in a substantial way at the forum state. Schwarzenegger v. Fred Martin

1 | Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)(holding
2 | that in order to support a finding of general
3 | jurisdiction, there must be something more to indicate
4 | that a nonresident defendant purposefully directed its
5 | activities in a substantial way at the forum state).
6 | Specifically, the Court finds that Defendant's website
7 | consists of little or no commercial activity, and that
8 | the pictures or advertisements that are posted on
9 | Defendant's website are targeted more at a general
10 | audience. See Seymour By & Through Seymour v. Bell
11 | Helmet Corp., 624 F. Supp. 146, 149 (M.D. Ala.
12 | 1985)(finding that a national advertising campaign
13 | could not establish continuous and systematic contacts
14 | with Alabama merely because it reached that state).
15 | Furthermore, Defendant has no offices or employees in
16 | the forum state, nor does Defendant sell any products
17 | in the forum state. See Young v. Actions Semiconductor
18 | Co., Ltd., 2010 WL 2781006, at *2 (9th Cir. July 06,
19 | 2010).  Thus, the Court finds that Plaintiff has failed
20 | to meet its burden of establishing a prima facie
21 | showing here of general jurisdiction in this Case.
22 |      The Court also finds that additional discovery
23 | would not impact the jurisdictional analysis.  A court
24 | may deny a request to conduct jurisdictional discovery
25 | if it is clear that further discovery would not
26 | demonstrate facts sufficient to constitute a basis for
27 | jurisdiction. See Laub v. U.S. Dep't of Interior, 342
28 | F.3d 1080, 1093 (9th Cir. 2003).  Here, Plaintiff's

allegations that Defendant directed its activities at this forum are conclusory and do not support a finding that further discovery will likely provide sufficient evidence to the contrary. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995)(stating that "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery").  Thus, the Court finds that further discovery will not demonstrate facts sufficient to constitute a basis for personal jurisdiction.

Accordingly, for the reasons stated above, the Court finds that Plaintiff has failed to allege sufficient facts demonstrating that Defendant's contacts with California are continuous and systematic and that general jurisdiction exists in this Case.

II. Specific Jurisdiction

The Court also finds that Plaintiff has failed to allege sufficient facts to prove that this Court has specific jurisdiction over Defendant.

Specific jurisdiction exists if the cause of action arises out of or is related to the defendant's forum activities. Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986). See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985).  The Ninth Circuit has formulated a three-prong test here in order to determine whether the exercise of specific

jurisdiction comports with due process and therefore exists over the defendant: 1) the defendant must purposefully avail himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) the plaintiff's claim must arise out of, or result from, the defendant's forum-related contacts; and 3) the extension of jurisdiction must be "reasonable." <u>Roth</u>, 942 F.2d at 620-21. <u>See</u> <u>Haisten v. Grass Valley Med. Reimbursement Fund</u>, 784 F.2d 1392, 1397 (9th Cir. 1986).

    The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, then personal jurisdiction is not established in the forum state. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." <u>Id.</u>

    Here, the Court finds that Plaintiff has failed to satisfy either of these first two prongs, and therefore has failed to establish that this Court has specific jurisdiction over Defendant in this Case.

        1.   <u>Defendant Has Not Purposeful Availed Itself Of The Privilege Of Conducting Activities In The Forum State</u>

The first prong regarding purposeful availment is evaluated by using the three-part effects test set forth by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (describing Calder and the three-part effects test). This effects test states that the defendant must have allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 F.3d at 803. All three parts of the test must be satisfied. Id. In the context of a website and the internet, the "level of interactivity and commercial nature of the exchange of information that occurs on the [website]" are additional factors the Court should consider in evaluating whether the defendant purposeful availed itself of the forum state. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997).

The Court finds that Defendant has not purposefully availed itself of this forum state, as Plaintiff has failed to establish that all three parts of the Calder test have been met here. While the Parties concede that an intentional act was committed when Defendant posted the photographs at issue here on its website, the Court finds that Plaintiff has failed to establish that Defendant expressly aimed its activities at the forum state. Although Defendant's website is

interactive by design, it is not commercial in nature. Moreover, the minimally interactive features of Defendant's website target the general population and are not expressly aimed at the forum state. See id. Thus, the Court finds that Plaintiff fails to establish that Defendant has expressly aimed its activities at the forum state.

Next, the Court finds that Plaintiff has failed to establish that Defendant caused harm that Defendant knew was likely to be suffered in the forum state. Specifically, the Court finds unpersuasive Plaintiff's argument here that Defendant knew its actions were likely to cause harm to Plaintiff in the forum state due to the fact that California is the epicenter of the entertainment industry. See Mavrix Photo, Inc. v. Brand Techs., Inc., 2009 WL 3063062, at *6 (C.D. Cal. July 17, 2009). Plaintiff is incorporated in Florida, and Plaintiff has not put forth evidence to suggest that Defendant was aware that Plaintiff had a connection to California or that Defendant caused harm that Defendant knew was likely to be suffered by Plaintiff in the forum state.

Thus, the Court finds that Plaintiff has failed to establish that the three parts of the Calder effects test have been met here. Accordingly, the Court finds that Defendant has not purposefully availed itself of the privilege of conducting activities within the forum state.

### 2. Plaintiff's Claim Does Not Arise Out Of Or Result From The Defendant's Forum-Related Contacts

The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's claim arises out of a defendant's forum-related contacts. See Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 864 (9th Cir. 2003). Therefore, this second prong is met if Plaintiff demonstrates that "but for" Defendant's contacts with California, Plaintiff's claim would not have arisen. Id.

The Court finds that Plaintiff has not sufficiently shown that this "but for" requirement is met here. Specifically, the Court finds that any correlation between Plaintiff's claim and Defendant's forum-related contacts is tenuous, as Plaintiff's claim here for copyright infringement regarding the photographs at issue is not directly related to the few advertisements posted on Defendant's website that may be targeted at California. See Callaway Golf Corp. v. Royal Canadian Golf Ass'n, 125 F. Supp. 2d 1194, 1204 (C.D. Cal. 2000). Therefore, Plaintiff fails to show that "but-for" Defendant's advertisements on its website, Plaintiff would not have suffered the alleged injuries. See id. Thus, the Court finds that Plaintiff's claim does not arise out of or result from Defendant's alleged forum-related contacts.

As Plaintiff has not demonstrated purposeful

11

availment or that its claim arises out of, or results from, Defendant's forum-related contacts, the Court finds that it need not determine whether the exercise of jurisdiction here would comport with fair play and substantial justice. See <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1155 (9th Cir. 2006).

Accordingly, as Plaintiff has not sufficiently demonstrated that Defendant has purposefully availed itself to the privileges of conducting activities in the forum state and that Plaintiff's claim here arises out of Defendant's forum related activities, the Court finds that Plaintiff has failed to show that specific jurisdiction is present in this Case.

Based on the above, the Court finds that Plaintiff has failed to establish that this Court has either general or specific jurisdiction over Defendant in this Case. Therefore, Defendant's Motion to Dismiss is **GRANTED.**

DATED: March 28, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge